CLD-207                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1253
_____

UNITED STATES OF AMERICA

v.

LISA A. RENZE,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-13-cr-00192-001)
District Judge:  Honorable Nora B. Fischer

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 24, 2021
Before:  RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 26, 2021)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Lisa A. Renze appeals pro se from the District Court's order denying her motion for compassionate release under 18 U.S.C. §3582(c)(1)(A). For the following reasons, we will affirm.

In 2014, after facing six criminal counts related to production and distribution of material depicting the sexual exploitation of a minor, Renze pleaded guilty to one count of production. The District Court imposed a 200-month prison term, later reduced to 144 months upon a motion under Rule 35(b) of the Federal Rules of Criminal Procedure. Renze did not appeal or otherwise challenge her conviction.

In August 2020, Renze filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[1] She alleged that her health conditions (including asthma, hyperthyroidism, hypertension, and history of a transient ischemic attack) placed her at heightened risk of serious illness if she were to contract COVID-19, and that extraordinary and compelling reasons warranted relief. The Government opposed Renze's motion.

On December 30, 2020, the District Court denied Renze's motion for compassionate release. The District Court considered evidence of Renze's health conditions but determined that she failed to show extraordinary and compelling reasons to justify granting relief. Further, the District Court explained that, even if Renze had presented an extraordinary and compelling basis for her release, the risks presented by

---

[1] In April 2020, the prison warden denied Renze's request for a reduction in sentence.

her health conditions and the COVID-19 pandemic do not outweigh the relevant sentencing factors of 18 U.S.C. § 3553(a) supporting her 144-month term. Noting that she had served about 73 months, the District Court found that the 144-month sentence provides general deterrence and promotes respect for the law, and that reducing the sentence by half would be inconsistent with the § 3553(a) factors. This appeal followed.[2]

We have jurisdiction under 28 U.S.C. § 1291. The Government filed a motion for summary affirmance. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Renze filed a response. We review the District Court's order for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).

A district court "may reduce [a federal inmate's] term of imprisonment and impose a term of probation or supervised release . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction." Id. at 329 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)) (internal quotations omitted). Before granting release, a district court must consider the factors in § 3553(a) to the extent they are applicable. Id. These factors include the history and characteristics of the defendant, and the need for the sentence imposed (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) to afford adequate deterrence to criminal conduct; and (3) to protect the public. See 18 U.S.C. § 3553(a)(1), (2)(A)-(C).

---

[2] Renze's notice of appeal was filed outside the time allowed under Federal Rule of Appellate Procedure 4(b)(1)(A), but the District Court granted Renze's motion for relief under Rule 4(b)(4) and rendered timely her notice of appeal.

We discern no abuse of discretion by the District Court in denying Renze's compassionate release motion. Renze argues that she has shown an extraordinary and compelling reason for her release, but even assuming that to be true, the District Court concluded that the § 3353(a) factors do not support relief.  Renze states that she now has completed more than half of her sentence and argues that she has served "more than enough time already for her criminal offense." (Appellant's Response at 8.)  Yet the District Court committed no error in considering that about half of Renze's sentence—a substantial proportion—remains unserved.  See Pawlowski, 967 F.3d at 331.  The District Court highlighted the gravity of Renze's offense conduct, namely, producing pornography of a child in her custody for the sexual pleasure of her former boyfriend, knowing that he was distributing the images to others.  The District Court also noted that Renze had not completed the court-recommended sex offender counseling and treatment program, finding that the 144-month sentence would address the need for deterrence and remaining threat she posed to the community.  We discern no clear error of judgment concerning the District Court's assessment of the § 3553(a) factors.[3]  See id. at 330 (requiring a "definite and firm conviction" that the district court committed a clear error of judgment before disturbing the district court's denial of relief).

---

[3] Renze argues that U.S.S.G. § 1B1.13 is inapplicable to her § 3582(c)(1)(A) motion, and that the District Court impermissibly relied on § 1B1.13.  We need not address the question of § 1B1.13's applicability here.  Although the District Court cited § 1B1.13 in its decision, it is clear that it denied Renze's motion based on its analysis of the § 3553(a) factors.

4

Because this appeal does not present a substantial question, we grant the

Government's motion and will summarily affirm the District Court's judgment.  <u>See</u> 3d

Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.